**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO, CENTRAL DIVISION**

Civil Action No. _____

JASON ROTHE,
CARLOS MARTINEZ, and
ANDREW BRYANT Individually and
On Behalf of Others Similarly Situated,

   Plaintiffs,

v.

BATTELLE MEMORIAL INSTITUTE,
A Corporation,

   Defendant.

---

**COMPLAINT**

FOR VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938; AND COLORADO
WAGE CLAIM ACT AND COLORADO WAGE ORDER

---

Individual and proposed Representative Plaintiffs, Jason Rothe, Carlos Martinez, and Andrew Bryant, (hereinafter referred to as "Plaintiffs" or "Representative Plaintiffs"), by their attorney Sharon Preston, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as and for their Complaint against Battelle Memorial Institute (hereinafter "Battelle" and/or "Defendant"), allege as follows:

**PRELIMINARY STATEMENT**

1.  This case is about employees who work or worked for Battelle and are not or were not paid wages and overtime for certain hours that the employees worked. These unpaid work hours were

periods that the employees were at the Battelle work site and performing duties that were for the benefit of Battelle, but said hours were not recorded as work hours on the time clock or time sheets from which payroll is calculated (these hours will hereafter be referred to as "off-the-clock hours").

2.     This is a class/collective action, seeking unpaid wages, including unpaid overtime compensation and interest thereon, liquidated damages and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under the Fair Labor Standards Act as amended, 29 U.S.C. §§ 201 *et seq*., ("FLSA").

3.     This action further invokes diversity jurisdiction and the supplemental jurisdiction of this Court to consider claims arising under the Colorado Wage Act, C.R.S. §§ 8-4-2, *et seq*.,; Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 (The Colorado Wage Act along with the Colorado Minimum Wage Order 34 are referenced below as the "Colorado Wage and Hour Law"); breach of contract; unjust enrichment and/or quantum meruit).

4.     Plaintiffs bring this action on behalf of themselves and all other persons similarly situated (hereinafter referred to as the "Putative Class Members," the "Plaintiff Classes" and/or, more specifically, the "FLSA Class" and/or the "Colorado Class" as defined in Paragraphs 27 (a). and (b)) who are, or have been, employed by the Defendant within the applicable statutory periods.

5.     The "Colorado Class" and the "FLSA Class" periods at issue, in this case, are from December 12, 2018 through the trial date, based upon the allegation that the violations of FLSA and Colorado Wage and Hour law, as described more fully below, and have been willful and ongoing since at least this date.

6.      During these class periods, Battelle has had a consistent policy of (1) permitting, encouraging, and/or requiring its hourly-paid employees, typically holding the position of Monitoring Technician or Demil Technician), including Representative Plaintiffs and other similarly situated employees, to work-off-clock during unpaid meal breaks without paying them regular and overtime wages as required by the FLSA and Colorado Wage and Hour law.

## INTRODUCTION

7.      The Fair Labor Standards Act of 1938, as amended, §§ 201 *et seq.*, provides for minimum standards for both wages and overtime entitlement, and details administrative procedures by which covered work time must be compensated. The enactment of the provisions of the FLSA provides the Federal Courts with substantial authority to stamp out abuses of the overtime pay provisions at issue in this Complaint.

8.      Colorado Wage and Hour law provides similar protections to workers, including, but not necessarily limited to, entitlement to wages for all hours worked.

9.      Plaintiffs are informed and believe and, based thereon, allege that, within the statutory periods (putative "Class Periods"), Defendant conducted and currently conducts Monitoring and related activities for the Pueblo Chemical Agent-Destruction Pilot Plant (PCAPP), at the U.S. Army Pueblo Chemical Depot in Pueblo, Colorado. In so doing, Defendant has employed hundreds of individuals in recent years as Monitoring Technicians or Demil Technicians and/or other similar non-exempt hourly-paid positions.

10.     Plaintiffs are informed and believe and, based thereon, allege that supervisors, managers, and/or officers of Battelle knew of these facts and legal mandates, yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

11.     Despite Battelle's knowledge of the putative Plaintiffs' and other putative Class members' entitlement to regular and/or overtime pay for all applicable work periods (i.e., when Plaintiffs and Putative Class Members performed work during their meal breaks), Battelle failed to pay the same to members of the putative Plaintiff Classes in violation of the FLSA and Colorado Wage and hour laws. This action is brought to redress and end this long-time pattern of unlawful conduct.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction of this action pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., including under 29 U.S.C. §§ 207, 216, and 217. This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. §1331), diversity jurisdiction under 28 U.S.C. §1332, and supplemental jurisdiction to consider claims arising under Colorado Wage and Hour law, pursuant to 28 U.S.C. §1367.

13.     Venue as to Defendant is proper in this judicial district, pursuant to 28 U.S.C. § 1391. Battelle maintains offices in Colorado and transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of Colorado and within

this judicial district. Battelle conducts its operations and has employed numerous putative Class Members in this judicial district.

## PARTIES

**PLAINTIFFS**

14.     Individual and Representative Plaintiff Jason Rothe is a natural person and, during the relevant time period identified herein, was employed by Battelle at the Pueblo Chemical Agent-Destruction Pilot Plant (PCAPP) at the Pueblo Chemical Depot, Pueblo, Colorado.

15.     Individual and Representative Plaintiff Jason Rothe has been employed by Battelle since on or about October 2014 as a Monitoring Technician III or Demilitarization Technician III ("Demil Tech. III" or "Monitoring Tech. III").

16.     Individual and Representative Plaintiff Carlos Martinez is a natural person and during the relevant time period identified herein, was employed by Battelle at the Pueblo Chemical Agent-Destruction Pilot Plant (PCAPP) at the Pueblo Chemical Depot, Pueblo, Colorado.

17.     Individual and Representative Plaintiff Carlos Martinez was employed by Battelle from on or about August 2016 to on or about July 2018 as a Demil Tech. III or Monitoring Tech. III.

18.     Individual and Representative Plaintiff Andrew Bryant is a natural person and during the relevant time period identified herein, was employed by Battelle at the Pueblo Chemical Agent-Destruction Pilot Plant (PCAPP) at the Pueblo Chemical Depot, Pueblo, Colorado.

19.     Individual and Representative Plaintiff Andrew Bryant was employed by Battelle from on or about August 2016 to on or about June 2018 as a Demil Tech. III or Monitoring Tech. III.

20.     At all times herein relevant, the Representative Plaintiffs were, and/or now are, persons within each of the Classes of persons further described and defined herein.

**DEFENDANT**

21.     At all times herein relevant, defendant Battelle Memorial Institute (hereinafter "Battelle" and/or "Defendant") was, and is, a corporation organized under the laws of the State of Ohio, with its principal place of business in the State of Ohio, and conducting business within the above-entitled judicial district.

22.     The defendant, Battelle, was at all times relevant hereto and continues to be engaged as a U.S. Government contractor responsible for Monitoring and related activities for the chemical warfare agent disposal operations at the Pueblo Chemical Agent-Destruction Pilot Plant (PCAPP) at the Pueblo Chemical Depot, Pueblo, Colorado.

23.     The defendant, Battelle, was at all times relevant hereto and continues to be a subcontractor to Bechtel, a contractor to the U.S. Army responsible for chemical warfare agent disposal operations at the Pueblo Chemical Agent-Destruction Pilot Plant (PCAPP) at the Pueblo Chemical Depot, Pueblo, Colorado.

24.     Plaintiffs are informed and believe and, on that basis, allege that Defendant has directly and/or indirectly employed and/or exercised control over the wages, hours and working conditions of the proposed Representative Plaintiffs and the Putative Class Members.

25.     Battelle has failed to pay to the above individually named Plaintiffs and other similarly situated current and former non-exempt hourly-paid employees, the regular wages, overtime

wages, and additional compensation including Sunday premiums**,** for all hours, worked and hours worked over forty hours per week as required by FLSA and Colorado Wage and Hour law as alleged below in greater detail.

## COMMON FACTUAL ALLEGATIONS

26.     Plaintiffs and other similarly situated employees (putative class members) were and/or are employees of the Defendant.

27.     Plaintiffs are Monitoring Technicians or Demil Technicians or other similar non-exempt hourly-paid employees for the Defendant.

28.     Plaintiffs and other similarly situated employees (putative class members) conduct air Monitoring for chemical agents in order to protect the workforce and general public; as well as conduct environmental air monitoring.

29.     Plaintiffs and other similarly situated employees (putative class members) conduct the startup, operation, and maintenance of agent Monitoring systems and/or instrumentation (e.g., MINICAMS and DAAMS).

30.     Plaintiffs and other similarly situated employees (putative class members) also conduct the startup, operation, and maintenance of the non-agent Monitoring instrumentation (CO and O2 CEMS) as necessary. They also conduct testing and perform maintenance as need on heated sample lines as scheduled

31.     Plaintiffs and other similarly situated employees (putative class members) respond to alarms and malfunctions within the facility as required.

32.     Plaintiffs and other similarly situated employees (putative class members), among other duties also properly dispose hazardous waste generated in accordance with PCAPP procedure (Laboratory Waste Management Plan).

33.     Plaintiffs and other similarly situated employees (putative class members) also perform ancillary tasks in order to support Monitoring and plant operations.

34.     Plaintiffs and other similarly situated employees (putative class members) were and/or are contractual parties with the Defendant being employer and Plaintiffs and putative class members being employees.

35.     Plaintiffs and other similarly situated employees (putative class members) were employed by the Defendant pursuant to a written and/or an oral contract.

36.     Defendant expressly agreed, orally and/or in writing, to pay Plaintiffs and other similarly situated employees (putative class members)  a specific amount of compensation for each hour worked.

37.     Plaintiffs and other similarly situated employees (putative class members) performed their duties under the Defendant's employment agreement and were entitled to receive the agreed upon wages.

38.     Plaintiffs and other similarly situated employees (putative class members) were required to be actively on-call during their meal periods, and often required to respond to calls and perform other work during their meal periods, and in fact, the Plaintiffs and other similarly situated employees rarely, if ever, received an uninterrupted 30 minute meal break.

39.     Defendant failed to pay regular non-overtime wages and other compensation to the Representative Plaintiffs and members of the proposed Classes for hours worked during their meal periods by automatically deducting 30 minutes of time for the meal periods for each workday.

40.     Defendant failed to pay overtime wages to the Representative Plaintiffs and members of the proposed Classes for the work performed during their meal periods hours when the total hours worked exceeded 40 hours in a work week, by automatically deducting 30 minutes of time for the meal periods for each workday.

41.     Defendant breached its obligation under the agreement with Representative Plaintiffs and members of the proposed Classes by failing to pay the full amount of compensation earned for each hour worked.

42.     The breach of contract by Battelle caused financial harm to Representative Plaintiffs and each member of the proposed Classes.

43.     As described herein, Battelle has, for years, willfully and knowingly failed to adequately compensate the Monitoring Technicians and other similarly situated employees within the class definitions identified above for wages, including premium (overtime) wages due, under the FLSA

(29 U.S.C. §§ 206 and 207), and the Colorado Wage Act, C.R.S. §§ 8-4-2, *et seq*., and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1.

44.     Battelle has knowingly failed to compensate the employees for work performed during meal or lunch breaks.

45.     As a direct and proximate result of Battelle's unlawful conduct, as set forth herein, Representative Plaintiffs and Class Members have sustained damages, as described above, including loss of earnings for hours of overtime worked on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiffs and Class Members are entitled to recover attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b) and/or Colorado law.

## CLASS ACTION ALLEGATIONS

46.     Representative Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Battelle's conduct, including, but not necessarily limited to, the following Plaintiff Classes:

a.      Proposed FLSA Class:  All persons who are, or have been, employed by defendant Battelle, as Monitoring Technicians, Demil Technicians, or other similarly situated hourly-paid non-management employees, within the applicable statutory period(s), who were required to be actively on-call and frequently perform work for Battelle's benefit during their meal periods, but were not compensated for these meal periods, and who were not paid overtime pay for this work for hours worked over 40 hours

    b.      Proposed Colorado Class:  All persons who are, or have been, employed by defendant Battelle in the State of Colorado, as Monitoring Technicians, Demil Technicians, or other similarly situated hourly-paid  non-management employees, within the applicable statutory period(s), and who were  required to be actively on-call and frequently perform work for Battelle's benefit during their meal periods, but were not compensated for these meal periods.

47.     Pursuant to 29 U.S.C. § 216(b), the representative Plaintiffs and other similarly situated employees hereby submit, attached as Exhibit 1 hereto, their written consents to serve as party plaintiffs and to join the FLSA class.

48.     Defendant, its officers, and directors are excluded from each of these Classes.

49.     This action has been brought and may properly be maintained as a class/collective action under Fed. R. Civ. P., Rule 23 and 29 U.S.C. § 216 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

    a.      Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the classes are so numerous that joinder of all members is impractical, insofar as Representative Plaintiffs are informed and believe and, on that basis, allege that the total number of Class Members exceeds 100 individuals. Membership in the Plaintiff Classes will be determined upon analysis of employee and payroll records and other, records maintained by the Defendant.

b.      Commonality: The Representative Plaintiffs and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, class certification is proper under FRCP Rule 23(b)(3) and 29 U.S.C. § 216(b). These common questions include, but are not necessarily limited to:

    i.      Whether the Defendant violated the FLSA by willfully failing to pay overtime compensation to Battelle employees for all the work performed in excess of 40 hours per week;

    ii.     Whether Defendant unlawfully failed to pay regular wages in violation of the Colorado Wage Act, C.R.S. §§ 8-4-2, *et seq.*; Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1.

c.      Typicality: The Representative Plaintiffs' claims are typical of the claims of the Plaintiff Classes. The Representative Plaintiffs and all members of the Plaintiff Classes sustained injuries and damages arising out of and caused by Battelle's common course of conduct in violation of state and federal law, as alleged herein.

d.     The superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests. Moreover, the Representative Plaintiffs are informed and believe, and based thereon allege, that Defendant, in refusing to pay overtime to the FLSA Class Members and the Colorado Class Members, has acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of each class. Consequently, Class certification is proper under FRCP Rule 23(b)(2) and 29 U.S.C. § 216(b).

e.     Adequacy of Representation: The Representative Plaintiffs in this class action are adequate representatives of the Plaintiff Classes, in that the Representative Plaintiffs' claims are typical of those of the Plaintiff Classes and the Representative Plaintiffs have the same interests in the litigation of this case as the Class Members. The Representative Plaintiffs are committed to vigorous

prosecution of this case and have retained competent counsel, experienced in litigation of this nature. The Representative Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to the Class as a whole. The Representative Plaintiffs anticipate no management difficulties in this litigation.

**FIRST CLAIM**
**FOR RELIEF UNLAWFUL FAILURE TO PAY OVERTIME WAGES**
**(Proposed FLSA Class)**

50.    Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.  At all relevant times hereto, Defendant has been, and is, an employer engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d).

51.    At all times relevant hereto, Battelle has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s)(1).  As such, Battelle employed members of the FLSA Class as Monitoring Technicians and/or Demil Technicians and other similarly situated hourly-paid employees.

52.    Representative Plaintiffs are informed and believe, and thereon allege, that Battelle has required, or requires, the FLSA Class Members as part of their employment to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives

compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

53.     Representative Plaintiffs and other similarly situated employees work three-day and four-day shifts in alternating weeks.  Each shift is 12.5 hours long or longer.

54.     Representative Plaintiffs and other similarly situated employees are paid for 12 hours per shift or 48 hours in a four-day week.

55.     Representative Plaintiffs are informed and believe, and thereon allege, that Battelle compensates the Monitoring Technicians and/or Demil Technicians and other similarly situated hourly-paid employees, for the hours worked over 40 hours in a week, at the rate of one and a half times the regular rate and Battelle's practice has been to do so with the exceptions alleged herein as a basis for Plaintiffs' claims.

56.     Defendant has willfully failed to pay the representative Plaintiffs and similarly situated employees for the work performed.   During each shift week, plaintiffs are paid overtime for only eight (8) hours in a 48-hour work week even though Plaintiffs actually work 12.5 or more hours per day rather than 12 hours per day.

57.      Representative Plaintiffs are informed and believe, and thereon allege, that Battelle has willfully failed to pay regular and/or overtime wages to its Monitoring Technicians and/or Demil Technicians and other similarly situated hourly-paid employees for work performed each workday while engaged in activities, including but not limited to, the following:

a. Meal time—during this time 30-minute unpaid meal break the Plaintiffs are required to be on the premises, in Defendant's uniform, actively on call and available for work, are in fact frequently interrupted or called back to work, and rarely, if ever, received an uninterrupted 30 minute meal break..

58. For failing to pay for the above-mentioned work performed by the FLSA class Plaintiffs, Battelle has violated the regular wage and overtime provisions of the FLSA.

59. Defendant has failed to keep records of time spent by employees working off the clock in violation of 29 U.S.C. § 211(c) and § 215(a).

60. Indeed, in the performance of their duties for Defendant, members of the FLSA Class often did work over forty hours per week, yet did not receive overtime compensation for the work, labor, and services they provided to Defendant, as required by the FLSA, 29 U.S.C. §§ 206 and 207. The precise number of unpaid overtime hours will be proven at trial.

61. Representative Plaintiffs propose to undertake appropriate proceedings to have such FLSA Class Members aggrieved by the Defendant's unlawful conduct notified of the pendency of this action and join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to join the collective action with the Court.

62. Defendant's violations of the FLSA were willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a).

63. As a result of the foregoing, Representative Plaintiffs seek judgment against Defendant on their own behalf, and on behalf of those FLSA Class Members similarly situated who file written

consents to join in this action, for all unpaid wages, including overtime wages owed by Defendant to the Representative Plaintiffs and the FLSA Class, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

**SECOND CLAIM**
**FOR RELIEF UNLAWFUL FAILURE TO PAY REGULAR WAGES**
**(Proposed Colorado Class)**

64.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

65.     Representative Plaintiffs assert this claim as an F.R.C.P. 23 class action on behalf of themselves and all other similarly situated workers.

66.     As hereinabove alleged, Battelle has willfully failed to pay to Plaintiffs and other members of the Colorado Class accrued regular wages under Colorado Wage Act, C.R.S. §§ 8-4-2, *et seq*., and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1.

67.     Plaintiffs are paid regular wages for 36 hours in each three-day workweek even though Plaintiffs actually work more than 36 hours in a that workweek. That is, Plaintiffs are not paid regular wages for the off-the-clock work performed each workday including the work performed during unpaid meal breaks.

68.     Specifically, Representative Plaintiffs and each member of the proposed Classes were required to be actively on-call during their meal periods, and were frequently required to  respond

to calls and perform other work such that they were rarely free from duties during their meal periods, and yet, they were not compensated for those 30-minute meal periods.

69. At all relevant times, Battelle had a policy and practice of failing and refusing to pay regular wages to the Representative Plaintiffs and to Colorado Class members for their hours worked in excess of 36 hours in a 36-hour work week.

70. For failing to pay for the above-mentioned work performed by the Colorado class Plaintiffs, Battelle has violated the regular wage and other provisions of the Colorado Wage and Hour law.

71. The Representative Plaintiffs, on behalf of themselves and the Colorado Class members, seek the amount of their underpayments based on Battelle's failure to pay regular wages for work performed in excess of 36-hours in a 36-hour work week, as provided by Colorado Wage Act and Colorado Minimum Wage Order, as well as prejudgment interest, and such other legal and equitable relief from Battelle's unlawful and willful conduct as the Court deems just and proper.

## THIRD CLAIM

## BREACH OF CONTRACT
### (Propose Colorado Class)

72. Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

73. Representative Plaintiffs assert this claim as an F.R.C.P. 23 class action on behalf of themselves and all other similarly situated workers.

74.     Representative Plaintiffs and other employees were and/or are contractual parties with the Defendants being employers and Plaintiffs being employees.

75.     Representative Plaintiffs were employed by the Defendant pursuant to a written and/or an oral contract.

76.     Defendant expressly agreed, orally and/or in writing, to pay Representative Plaintiffs and members of the proposed Colorado Class a specific amount of compensation for each hour worked.

77.     Representative Plaintiffs and each member of the proposed Colorado Class performed his or her duties under the Defendant's employment agreement and was entitled to receive the agreed upon wages.

78.     Defendant failed to pay regular non-overtime wages and other compensation to the Representative Plaintiffs and members of the proposed Colorado Class for all hours worked.

79.     Specifically, Representative Plaintiffs and each member of the proposed Classes were required to be actively on-call during their meal periods, and were frequently required to  respond to calls and perform other work such that they were not free from duties during their meal periods, and yet, they were not compensated for those meal periods.

80.     Defendant breached its obligation under the agreement with Representative Plaintiffs and members of the proposed Colorado Class by failing to pay the full amount of compensation earned for each hour worked.

81.     Representative Plaintiffs and each member of the proposed Colorado Class suffered damages because they performed work and were not paid the agreed-upon wages and other compensation for each hour worked.

82.     The Representative Plaintiffs and the members of the proposed Colorado Class are entitled to an award of the full amount of the unpaid non-overtime wages, as well as pre- and post-judgment interest, and such other legal and equitable relief as the Court deems just and proper.

## FOURTH CLAIM

## QUANTUM MERUIT/UNJUST ENRICHMENT

### (Proposed Colorado Class)

83.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

84.     Representative Plaintiffs assert this claim as an F.R.C.P. 23 class action on behalf of themselves and all other similarly situated workers.

85.     Representative Plaintiffs and the members of the proposed Colorado Class conferred a substantial benefit on the Defendant by performing the overtime and non-overtime work.

86.     Defendant had knowledge of the uncompensated work performed by the Representative Plaintiffs and the members of the proposed Colorado Class, and in fact, knowingly permitted, encouraged and/or required that such work is performed.

87.     Representative Plaintiffs and the members of the proposed Colorado Class performed this work with the expectation of receiving compensation and/or the fear of being disciplined or discharged for refusing to work as requested.

88.     Defendant benefited significantly by accepting the benefits of the labor and services of the Representative Plaintiffs and members of the proposed Colorado Class and withholding compensation for such labor.

89.     Specifically, Representative Plaintiffs and each member of the proposed Classes were required to be actively on-call during their meal periods, and were frequently required to respond to calls and perform other work such that they were not freed from duties during their meal periods, and yet, they were not compensated for those meal periods.  It would be inequitable for the Defendant to retain the benefits and profits obtained from the work performed by Representative Plaintiffs and members of the proposed Colorado Class without paying them for their work.

90.     The Representative Plaintiffs and the members of the proposed Colorado Class are entitled to an award for the full value of the uncompensated work they performed, as well as pre- and post-judgment interest, and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, the Representative Plaintiffs, on behalf of themselves and members of the proposed FLSA Class and Colorado Class, pray for judgment and the following specific relief against the Defendant, Battelle, as follows:

91.     That the Court declare, adjudge and decree that this action is a proper class/collective action and certify the proposed FLSA Class and the Colorado Class under 29 U.S.C. § 216 and FRCP Rule 23, respectively;

92.     That this Court designate the Representative Plaintiffs as Class Representatives and their lawyers as Class Counsel;

93.     That, at the earliest possible time, Representative Plaintiffs be allowed to give notice of this collective action, to all members of the proposed FLSA Class and Colorado Class, with such notice informing them that this civil action has been filed, the nature of the action, and of their right to join this lawsuit;

94.     Damages and restitution in an amount to be proven at trial;

95.     Liquidated damages, pre-judgment, and post-judgment interest, as provided by law;

96.     An award to Representative Plaintiffs and members of the proposed FLSA and Colorado Class of reasonable attorneys' fees and costs pursuant to the FLSA and Colorado laws;

97.     Appropriate equitable and injunctive relief to remedy the Defendant's violations of the FLSA and the State Wage and Hour Laws, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices; and

98.     All other relief as this Court may deem proper.


## JURY DEMAND

Representative Plaintiffs and the Plaintiff Classes hereby demand a trial by jury on all issues triable of right by a jury.


Respectfully Submitted,

Dated: December 12, 2018

s/Sharon L. Preston
Sharon Preston
PRESTON & BRAR, LLC
670 East 3900 South, Suite 101
Salt Lake City, Utah 84107
Telephone:  (801) 269-9541
Facsimile:   (801) 269-9581
Email: sharon@prestonbrar.com

*Attorney for Plaintiffs*